UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY,** | § |
| **Plaintiff,** | § |
| v. | § CIVIL ACTION NO. _____ |
| **THOMAS H. DAVIS III CONSTRUCTION, INC. and ESFELLER CONSTRUCTION CO. INC.,** | § |
| **Defendants.** | § |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Century Surety Company (**"Century"**), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, files this Complaint for a Declaratory Judgment as to its rights and obligations under an insurance policy. Specifically, Century seeks a judgment declaring that it has no duty to defend or indemnify Defendant Thomas H. Davis III Construction, Inc. (**"THD Construction"**) from or against the claims of Defendant Esfeller Construction Co., Inc. (**"Esfeller"**) in an underlying action in state court. Century's Complaint is based on the following:

## NATURE OF THE CLAIM

1. This action arises out of a claim for damages made by Esfeller against THD Construction in a lawsuit styled *Esfeller Construction Co., Inc. v. Thomas H. Davis, III Construction, Inc.,* Civil Action No. 02-CV-2022-900844.00 in the Circuit Court of Mobile

1

County, Alabama (**"Underlying Suit"**).  A copy of the complaint in the Underlying Suit is attached hereto as Exhibit 1.

2.  Century seeks a declaration regarding the parties' respective rights and obligations, if any, under Commercial General Liability Policy No. CCP 855173 (**"Policy"**), issued to THD Construction for the period July 23, 2019 to July 23, 2020.  A copy of the Policy is attached hereto as Exhibit 2.

## PARTIES

3.  Plaintiff Century is a corporation organized and existing under the laws of the Ohio with its principal place of business in Michigan and is, therefore, a citizen of Ohio and Michigan.

4.  Defendant THD Construction is a corporation organized and existing under the laws of Alabama with its principal place of business in Daphne, Alabama and is, therefore, a citizen of Alabama.

5.  Defendant Esfeller is a corporation organized and existing under the laws of Alabama with its principal place of business in Irvington, Alabama and is, therefore, a citizen of Alabama.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Esfeller's complaint in the Underlying Suit alleges that Esfeller claims $357,438.22 in compensatory damages from THD Construction.  The Policy has an "Each

Occurrence Limit" of $1 million. The amount in controversy, including potential coverage for Esfeller's compensatory damages, as well as the cost of defending THD Construction against the Underlying Suit, exceeds $75,000, excluding interest and costs.

7. This Court has personal jurisdiction over THD Construction and Esfeller, who are citizens of Alabama.

8. Venue is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1) and (c)(1) because the Defendants, THD Construction and Esfeller, reside in this District.

9. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred within this District.

## FACTUAL BACKGROUND

10. Esfeller filed the Underlying Suit on May 24, 2022 against THD Construction for damages arising from a construction project at the Alabama State Port Authority in Mobile County, Alabama.

11. Esfeller alleges that it "entered into an agreement of Purchase Order for Esfeller to perform certain site preparation work on a project for construction of an Automotive RO/RO Terminal located at the Alabama State Port Authority," and that the work "required the construction of a retaining wall."

12. Esfeller alleges that THD Construction submitted a bid to Esfeller for construction of the retaining wall, and that Esfeller thereafter entered into a verbal subcontract with THD Construction for that work.

13. Esfeller alleges that THD Construction was to have built the retaining wall in three phases, with the first phase beginning in March 2020, and third phase to have been completed in September 2020.

14. Esfeller alleges that THD Construction breached the subcontract "by failing to properly construct the retaining wall and related work, by refusing to complete the agreed upon work, by failing to pay the suppliers, by using poor craftsmanship, by failing to stay on schedule and by demobilizing before completing the work."

15. Esfeller alleges it "had to remediate and repair the retaining wall and all related damaged work," that Esfeller "substantially completed the work on or about January 20, 2021," and that Esfeller "suffered damages" as a result of THD Construction's acts and omissions..

16. THD Construction tendered the Underlying Suit to Century for defense and indemnity against Esfeller's claims.

17. Century agreed to defend THD Construction under a reservation of rights to deny coverage under the Policy for the claims against THD Construction and to withdraw its defense at any time should it be determined that the Policy does not cover the claims against THD Construction.

18. During the course of the Underlying Suit, Esfeller clarified that the damages it seeks are for costs associated with the completion of THD Construction's unfinished work and remediation of the work that Esfeller claims THD Construction did not properly perform.

# THE POLICY

19. Century issued the Policy to THD Construction for the period July 23, 2019 to July 23, 2020.

20. The Policy defines the terms "you" and "your" as "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the policy."

21. THD Construction is the only Named Insured on the Policy.

22. The Insuring Agreement of the Policy's Coverage A – Bodily Injury And Property Damage Liability, as amended by the Policy's Limitation Of Coverage To Designated Operations, Premises Or Projects Endorsement, states, in pertinent part:

> ***1.   Insuring Agreement***
>
> > *a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*
>
> > * * * *
>
> > *b.   This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:*
> >
> > > *(1)   The "bodily injury" or "property damage":*
> > >
> > > > *(a)   Arises or is alleged to arise out of any operation(s) shown in the Schedule above; and*

> (b) *Occurs on the premises, if scheduled above, or the grounds and structures appurtenant to those premises; and*
>
> (c) *Arises or is alleged to arise out of any project(s), if scheduled above; and*
>
> (2) *The "bodily injury" or "property damage" occurs during the policy period; and*
>
> (3) *Prior to the policy period, no insured listed under paragraph 1., of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

* * * *

23. The Policy defines "occurrence" as follows:

    *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.*

24. The Policy defines "property damage" as follows:

6

    a.    *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the tie of the physical injury that caused it; or*

    b.    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For the purposes of this insurance, electronic data is not tangible property.*

*As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

*For purposes of this insurance, "property damage" is not physical injury to tangible property, any resultant loss of use of tangible property, nor loss of use of tangible property that is not physically injured that arises out of failure to complete or abandonment of "your work".*

25.    The Policy defines "your work" as follows:

*"Your work":*

a.    *Means:*

  (1)  *Work or operations performed by you or on your behalf; and*

  (2)  *Materials, parts or equipment furnished in connection with such work or operations.*

b.    *Includes:*

  (1)  *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" ;and*

  (2)  *The providing of or failure to provide warnings or instructions.*

26.    The Policy contains a Failure To Complete Your Work Exclusion which precludes coverage for "[a]ny loss cost or expense arising out of, caused by, resulting from, or alleged to be related to any insured's failure to complete 'your work' if such loss or

expense was to purchase, complete or otherwise finish work or install or deliver goods, materials, products or equipment that any insured agreed, contracted or was retained to perform, install or deliver."

27.     The Policy contains a Damage To Property Exclusion which states, in pertinent part, that coverage is excluded for:

*"Property damage" to:*

\* \* \* \*

*(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*

*(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

\* \* \* \*

*Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."*

28.     The Policy contains a Damage To Your Work Exclusion which precludes coverage for "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'" but "does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

## COUNT I – DECLARATORY JUDGMENT

### No Coverage Due To Lack Of "Property Damage" Caused By An "Occurrence"

29. Century adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 29

30. The Policy's Commercial General Liability Coverage Form covers "those sums that the insured becomes legally obligated to pay as damages because of … 'property damage'... caused by an 'occurrence'...."

31. The damages sought by Esfeller in the Underlying Suit are for costs to complete and remediate THD Construction's construction of the retaining wall, not for "property damage" caused by an "occurrence" as those terms are defined in the Policy.

32. Consequently, the damages for which Esfeller seeks to hold THD Construction liable in the Underlying Suit do not fall within the Policy's Insuring Agreement.

33. Century has no duty under the Policy to defend or indemnify THD Construction from or against the Underlying Suit due to the lack of a claim for "property damage" caused by an "occurrence."

## COUNT II – DECLARATORY JUDGMENT

### No Coverage Pursuant To The Failure To Complete The Work Exclusion

34. Century adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 33.

35. The Policy's Failure To Complete Your Work Exclusion precludes coverage for "[a]ny loss cost or expense arising out of, caused by, resulting from, or alleged to be

9

related to any insured's failure to complete 'your work' if such loss or expense was to purchase, complete or otherwise finish work or install or deliver goods, materials, products or equipment that any insured agreed, contracted or was retained to perform, install or deliver."

36. Esfeller alleges in the Underlying Suit that THD Construction failed to complete the work it was subcontracted to perform, and that the damages sought by Esfeller are for costs to complete that work.

37. Century has no duty to defend or indemnify THD Construction from or against the Underlying Suit because the damages sought fall within the Policy's Failure To Complete Your Work Exclusion.

## COUNT III – DECLARATORY JUDGMENT

**No Coverage Pursuant To The Damage To Property Exclusion
And/Or Damage To Your Work Exclusion**

38. Century adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 37.

39. Paragraphs (5) and (6) of the Damage To Property Exclusion preclude coverage for "property damage" to THD Construction's work product while the work is ongoing, whereas the Damage To Your Work Exclusion precludes coverage for "property damage" to THD Construction's work that occurs after the work is completed or abandoned but does not apply if the subject work was performed by a subcontractor.

40. Upon information and belief, THD Construction did not use subcontractors for the subject project.

10

41. Esfeller claims damages in the Underlying Suit for costs to remediate THD Construction's alleged improper and incomplete work.

42. Should Esfeller's claim against THD Construction qualify as "property damage" caused by an "occurrence" (which Century denies), the Damage To Property Exclusion and/or Damage To Your Work Exclusion preclude coverage for that "property damage."

43. Century has no duty to defend or indemnify THD Construction from or against the Underlying Suit because the damages sought fall within the Damage To Property Exclusion and/or Damage To Your Work Exclusion.

**WHEREFORE**, the premises considered, Century prays that the Court will enter a judgment in Century's favor declaring as follows:

a. That the damages sought by Esfeller against THD Construction in the Underlying Suit are not for "bodily injury" or "property damage" caused by an "occurrence," and that Century therefore has no duty to defend or indemnify THD Construction from or against the Underlying Suit;

b. Additionally or alternatively, that any "bodily injury" or "property damage" being claimed by Esfeller in the Underlying Suit falls within the Policy's Failure To Complete Your Work Exclusion, and that Century therefore has no duty to defend or indemnify THD Construction from or against the Underlying Suit;

c. Additionally or alternatively, that any "property damage" being claimed by Esfeller in the Underlying Suit falls within the Policy's Damage To Property Exclusion

11

and/or Damage To Your Work Exclusion, and that Century therefore has no duty to defend or indemnify THD Construction from or against the Underlying Suit.

      d.      By awarding Century any such other and further relief as this Court deems just and proper.

                           Respectfully submitted,

                           **PHELPS DUNBAR LLP**

                           BY:  */s/ William E. Shreve, Jr.*
                                   William E. Shreve, Jr.
                                   (SHREW3946)
                                   P.O. Box 2727
                                   Mobile, AL 36652
                                   Telephone: (251) 432-4481
                                   Fax: (251) 433-1820
                                   Email:william.shreve@phelps.com

**ATTORNEY FOR PLAINTIFF
CENTURY SURETY COMPANY**

The Defendants are to be served by personal service by private process server as follows:

Thomas H. Davis III Construction, Inc.
c/o its Registered Agent, Thomas H. Davis III
6805 S. Winding Brook Dr.
Fairhope, AL 36532

Esfeller Construction Co., Inc.
c/o its Registered Agent, Patricia W. Esfeller
8230 Padgett Switch Road
Irvington, AL 36523